## HANSON v. DAVIS AND HALL, TRUSTEE.

The promissor, in a note payable to two persons, cannot be charged upon the note as the trustee of one of the payees in a suit against that one only.

FOREIGN ATTACHMENT. The supposed trustee disclosed that on the third day of March, 1846, he gave the principal defendant and John Sawyer, in payment for real estate purchased of them, three promissory notes, payable to them or their order, in one, two and three years, respectively, and amounting in all to the sum of seven hundred dollars; and that none of them had been paid. Interrogatories to the principal defendant, relative to the alleged transfer of the notes by him to Sawyer, were filed, and a notice served

upon Sawyer, under the provisions of the Rev. Stat. ch. 208, § 18, but the opinion of the court has rendered it unnecessary to report that part of the case.

*Woodman*, for the [plaintiff.

*Parker*, for the trustee.

WILCOX, J. The trustee discloses that he gave certain promissory notes, made payable to the principal defendant and John Sawyer, or their order, and the payees were equally interested in the notes. The question is whether Hall can be charged as trustee of the principal debtor for any, and for what part of the notes.

We are of opinion that he cannot be charged for any part. The notes are due to Davis and Sawyer, jointly, neither owning any particular note or part of the debt. If a payment is made to one, it is for the benefit of both, and the money is the money of both ; and if a part of the debt be lost, it is the loss of both. The trustee, it is plain, cannot be charged for the whole note ; and if he were to be charged for one half, that does not sever the joint property, and that half still belongs as much to Sawyer as to the principal debtor. And if after being so charged the trustee were to to become unable to pay the balance, Sawyer ought to lose but one half of that, and would be entitled to recover of the plaintiff one half of what he had received, that is, if the attaching creditor had no greater right than his debtor.

A trustee cannot be charged where the interest of the principal is merely a contingent interest. Here, if the principal debtor die, the note survives to Sawyer, the other payee, and he alone can enforce payment of it. Davis' interest is, therefore, contingent, and may become altogether extinguished.

The rights of Sawyer, the other payee, are injuriously affected by this attachment. While this process is pending,

how can Sawyer sue for the residue, or enforce its payment? Must he wait until this suit is at an end, and then if the trustee is charged, as debtor of Davis, for one half the note, shall Sawyer sue for the balance in his own name, or in the name of both?

On the theory of the plaintiff, the trustee is to be charged, as the debtor of Davis, for one half the note. Davis, then, has no longer any interest in the residue of the note. Yet how is Sawyer to control and collect it, and what prevents Davis from receiving it and giving a discharge?

Upon the whole, we do not see how, consistently with the rights of the payees of these notes, the trustee can be holden, and he must, therefore, be discharged.